SWARTZ CAMPBELL LLC
BY:   Joseph A. Venuti, Jr.
Attorney Identification No. 000631993
1000 Crawford Place
Suite 220                                        Attorney for Defendant,
Mt. Laurel, New Jersey 08054                      Wolfson Group, Inc.
(856) 727-4777

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

JOHN NANNI,                          :
     Plaintiff,                     :   Civil Action
                                     :
v.                                   :
                                     :
                                     :   No. 15-01612
WOLFSON GROUP, INC.,                 :
     Defendant.                     :   ANSWER OF DEFENDANT, WOLFSON
                                     :   GROUP, INC., TO PLAINTIFF'S
                                     :   COMPLAINT WITH AFFIRMATIVE
                                     :   DEFENSES AND CERTIFICATION
                                     :   PURSUANT TO LOCAL CIVIL RULE
                                     :   11.2

Defendant, Wolfson Group, Inc., by and through its attorneys, Swartz Campbell, LLC, hereby responds to plaintiff's complaint as follows:

### JURISDICTION AND PARTIES

1.     Admitted in part, denied in part.   It is admitted that plaintiff asserts claims for declaratory and injunctive relief under the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. ("ADA").   It is admitted that this district court is empowered with original jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343.   It is denied that plaintiff is entitled to either declaratory or injunctive relief pursuant to the ADA arising from the allegations set forth in the complaint.

2.     Admitted.

3.     Denied.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, pursuant to Federal Rule of Civil Procedure 8(b)(5), said allegations are deemed denied.

4.      Denied.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, pursuant to Federal Rule of Civil Procedure 8(b)(5) said allegations are deemed denied.

5.      Denied.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, pursuant to Federal Rule of Civil Procedure 8(b)(5) said allegations are deemed denied.

6.      Admitted in part, denied in part.   It is admitted that defendant is a corporation organized under the laws of the Commonwealth of Pennsylvania.   It is admitted that the real property and improvements known as "Audubon Crossings" is generally located at 130 Black Horse Pike in Audubon, New Jersey 08106.   The remaining allegations are denied.

7.      Denied.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, pursuant to Federal Rule of Civil Procedure 8(b)(5) said allegations are deemed denied.

## COUNT I – VIOLATION OF TITLE III
## OF THE AMERICANS WITH DISABILITIES ACT

8.      Defendant incorporates herein by reference its response to paragraphs 1 through 7 of plaintiff's complaint as if set forth at length.

9.      Admitted in part, denied in part.   It is admitted that the real property referred to in this paragraph is a shopping center that is open to the public.   The remaining allegation is denied as a conclusion of law and to the extent any response is required the allegation is denied.

10.     Denied.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, pursuant to Federal Rule of Civil Procedure 8(b)(5) said allegations are deemed denied.

11.   Denied.

12.   Denied.

13.   Denied.

14.   (A-F)  Denied.

15.   Denied.

16.   Denied.

17.   Denied.

18.   Denied.

19.   Denied.

20.   Denied.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning plaintiff's obligation to retain counsel for any reason and, therefore, pursuant to Federal Rule of Civil Procedure 8(b)(5) said allegation is deemed denied.   The remaining allegation is denied.

WHEREFORE, defendant, Wolfson Group, Inc., demands judgment in its favor and against plaintiff together with counsel fees, costs of suit, and any other relief this court may deem appropriate.

## AFFIRMATIVE DEFENSES

### First Separate Defense

Plaintiff's claims are barred because he lacks standing to bring them under the ADA.

### Second Separate Defense

Plaintiff's claims are barred because defendant did not owe a duty to plaintiff under the ADA.

3

### Third Separate Defense

Plaintiff's claims are barred because defendant violated no duty allegedly owed to plaintiff under the ADA.

### Fourth Separate Defense

Plaintiff's claims are barred because defendant is not an operator as defined in the ADA.

### Fifth Separate Defense

The defendant's conduct was not the cause in fact or proximate cause of plaintiff's alleged injuries and/or damages.

### Sixth Separate Defense

Plaintiff's alleged injuries and/or damages were the proximate result of the actions of persons and/or entities and/or conditions and circumstances over which defendant had, and has, no control, right of control, or supervision.

### Seventh Separate Defense

Plaintiff's alleged injuries and/or damages were, and will be, caused by his own actions.

### Eighth Separate Defense

Plaintiff's claims are limited or barred as a result of his failure to mitigate damages.

### Ninth Separate Defense

Plaintiff's claims are barred by the applicable statute of limitations.

4

Tenth Separate Defense

Plaintiff's alleged injuries and/or damages were caused by the superseding and/or intervening acts of other persons and/or entities.

Eleventh Separate Defense

Plaintiff's claims are barred because he has failed to name necessary and indispensable parties.

Twelfth Separate Defense

Plaintiff's claims are barred by the doctrine of collateral estoppel.

Thirteenth Separate Defense

Plaintiff's claims are barred by the doctrine judicial estoppel.

Fourteenth Separate Defense

Plaintiff's claims are barred by the doctrine of equitable estoppel.

Fifteenth Separate Defense

Plaintiff's claims are barred by the doctrine of laches.

Sixteenth Separate Defense

Plaintiff's claims are barred by the doctrine of waiver.

Seventeenth Separate Defense

Plaintiff's claims are barred by the doctrine of release.

Eighteenth Separate Defense

Plaintiff's claims are barred by the doctrine of res judicata and/or the entire controversy doctrine.

<u>Nineteenth Separate Defense</u>

Defendant did not violate the ADA.

<u>Twentieth Separate Defense</u>

Defendant incorporates any and all defenses available to it under the ADA.

<u>Twenty-First Separate Defense</u>

Plaintiff's complaint otherwise fails to state a claim upon which relief can be granted.

<u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

It is hereby certified that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding and that no other action or arbitration proceeding is contemplated.

SWARTZ CAMPBELL LLC


BY:   /s/ Joseph A. Venuti, Jr.
      Joseph A. Venuti, Jr.
      Attorney for Defendant,
      Wolfson Group, Inc.

Date: April 15, 2015

6

## CERTIFICATE OF SERVICE

I, Joseph A. Venuti, Jr., counsel for defendant, Wolfson Group, Inc., hereby certify that service of defendant's answer to plaintiff's complaint with affirmative defenses and certification pursuant to Local Civil Rule 11.2 was made by electronic filing upon the attorneys listed below on April 15, 2015:

Elizabeth T. Foster, Esquire
22 E. Quackenbush Avenue
Dumont, NJ 07628

Ku & Mussman, P.A.
12550 Bicayne Boulevard
Suite 406
Miami, Florida 33181

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

SWARTZ CAMPBELL LLC

BY: /s/ Joseph A. Venuti, Jr.
Joseph A. Venuti, Jr.
Attorney for Defendant,
Wolfson Group, Inc.